# **EXHIBIT A**

1  **NUSSBAUM GILLIS & DINNER, P.C.**
   14850 N. SCOTTSDALE ROAD, SUITE 450
2  SCOTTSDALE, AZ 85254
   TELEPHONE (480) 609-0011
3
   Randy Nussbaum, #6417
4  rnussbaum@ngdlaw.com
   Scott R. Weiner, #29352
5  sweiner@ngdlaw.com

6  Attorneys for Plaintiff

7

8  ### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9  ### IN AND FOR THE COUTY OF MARICOPA

10 PAXTON B. JEVNICK and DAWN D.
   JEVNICK, husband and wife,                Case No.
11
                Plaintiffs,                   CV 2016-050176
12
   v.                                         **SUMMONS**
13
   BANK OF AMERICA, N.A., a national
14 banking corporation; JOHN DOES and         If you would like legal advice from a lawyer,
   JANE DOES I-X; WHITE                       contact the Lawyer Referral Service at
15 PARTNERSHIPS I-X; BLACK                    602-257-4434
   CORPORATIONS I-X; and RED                  or
16                                            www.maricopalawyers.org
   LIMITED LIABILITY COMPANIES I-             Sponsored by the
17 X,                                         Maricopa County Bar Association

18                Defendants.

19

20 THE STATE OF ARIZONA TO DEFENDANT:

21         **BANK OF AMERICA, NATIONAL ASSOCIATION**
                **c/o CT Corporation Statutory Agent**
22                  **2390 E. Camelback Road**
                     **Phoenix, AZ 85016**
23
           YOU ARE HEREBY SUMMONED and required to appear and defend, within
24 the time applicable, in this action in this Court.  If served within Arizona, you shall
   appear and defend within 20 days after the service of the Summons and Complaint upon
25 you, exclusive of the day of service.  If served out of the State of Arizona--whether by
   direct service, by registered or certified mail, or by publication--you shall appear and
26 defend within 30 days after the service of the summons and complaint upon you is
   complete, exclusive of the day of service.  Where process is served upon the Arizona
27 Director of Insurance as an insurer's attorney to receive service of legal process against
   it in this state, the insurer shall not be required to appear, answer or plead until
28 expiration of 40 days after date of such service upon the Director.  Service by registered

1308986/16683-2

1  or certified mail without the State of Arizona is complete 30 days after the date of filing
   the receipt and affidavit of service with the court.  Service by publication is complete 30
2  days after the date of first publication.  Direct service is complete when made.  Service
   upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the
3  affidavit of compliance and return receipt or officer's return.  **A.R.C.P. 4; A.R.S. §§ 20-222, 28-502, 28-503.**

4

5        YOU ARE HEREBY NOTIFIED that in case of your failure to appear and
   defend within the time applicable, judgment by default may be rendered against you for
6  the relief demanded in the complaint.

7        YOU ARE CAUTIONED that in order to appear and defend, you must file an
   answer or proper response in writing with the clerk of this court, accompanied by the
8  necessary filing fee, within the time required, and you are required to serve a copy of
   any answer or response upon the Plaintiff's attorney.  **A.R.C.P. 10(d); A.R.S. §12-311; A.R.C.P. 5.**

9

10       PURSUANT TO RULE 45(G), ARIZONA RULES OF CIVIL PROCEDURE;
   AMERICANS WITH DISABILITIES ACT, REQUESTS FOR REASONABLE
11 ACCOMMODATIONS FOR PERSONS WITH DISABILITIES MUST BE MADE TO
   THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST (3)
12 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

13       The name and address of Plaintiff's attorney is:

14                Randy Nussbaum, Esq.
                  Scott R. Weiner, Esq.
15                NUSSBAUM GILLIS & DINNER, P.C.
                  14850 N. Scottsdale Road, Suite 450
16                Scottsdale, AZ  85254

17       SIGNED AND SEALED this date:_____

18                CLERK OF THE SUPERIOR COURT

19                By:_____

20

21

22

23

24

25

26

27

28

1308986/16683-2

1   **NUSSBAUM GILLIS & DINNER, P.C.**
    14850 N. SCOTTSDALE ROAD, SUITE 450
2   SCOTTSDALE, AZ 85254
    TELEPHONE (480) 609-0011
3
    Randy Nussbaum, #6417
4   rnussbaum@ngdlaw.com
    Scott R. Weiner, #29352
5   sweiner@ngdlaw.com

6   Attorneys for Plaintiff

7

8               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUTY OF MARICOPA

10  PAXTON B. JEVNICK and DAWN D.
    JEVNICK, husband and wife,              Case No.
11
                Plaintiffs,                 CV 2016-050176
12
    v.                                      **CERTIFICATE OF COMPULSORY**
13                                          **ARBITRATION**
    BANK OF AMERICA, N.A., a national
14  banking corporation; JOHN DOES and
    JANE DOES I-X; WHITE
15  PARTNERSHIPS I-X; BLACK
    CORPORATIONS I-X; and RED
16  LIMITED LIABILITY COMPANIES I-
    X,
17
18              Defendants.

19

20          The undersigned certifies that he knows the dollar limits and any other

21  limitations set forth by the local rules of practice for the applicable Superior Court, and

22  further certifies that this case is not subject to compulsory arbitration as provided by

23  Rules 72 through 76 of the Arizona Rules of Civil Procedure.

24          DATED this 20th day of January 2016.

25                              **NUSSBAUM GILLIS & DINNER, P.C.**

26

27                              By /s/ Scott R. Weiner
                                   Randy Nussbaum
28                                 Scott R. Weiner
                                   Attorneys for Plaintiff

1308588/16683-2

1  **NUSSBAUM GILLIS & DINNER, P.C.**
   14850 N. SCOTTSDALE ROAD, SUITE 450
2  SCOTTSDALE, AZ 85254
   TELEPHONE (480) 609-0011
3
   Randy Nussbaum, #6417
4  rnussbaum@ngdlaw.com
   Scott R. Weiner, #29352
5  sweiner@ngdlaw.com

6  Attorneys for Plaintiff





JAN 2 1 2016

MICHAEL K. JEANES, CLERK
J. BAKER
DEPUTY CLERK

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **IN AND FOR THE COUTY OF MARICOPA**

10  PAXTON B. JEVNICK and DAWN D.
    JEVNICK, husband and wife,          Case No.  **CV 2016-050176**
11
                   Plaintiffs,          **COMPLAINT**
12
    v.
13
    BANK OF AMERICA, N.A., a national
14  banking corporation; JOHN DOES and
    JANE DOES I-X; WHITE
15  PARTNERSHIPS I-X; BLACK
    CORPORATIONS I-X; and RED
16  LIMITED LIABILITY COMPANIES I-
17  X,
18                 Defendants.
19

20          Plaintiffs Paxton and Dawn Jevnick, husband and wife, ("Jevnick") for their

21  Complaint against Defendant Bank of America, N.A., (the "Bank") hereby allege as

22  follows:

23          **NATURE OF MATTER, JURISDICITION & VENUE**

24          1.      This is an action pursuant to the Fair Credit Reporting Act, 15 U.S.C.

25  §1681 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., to

26  challenge the actions of the Bank with regard to erroneous reports of derogatory and

27  negative credit information made by the Bank to national reporting agencies, and failure

28

    1308588/16683-2

1 | of Defendants to properly investigate, and attempts by Defendant to unlawfully collect a
2 | debt allegedly owed by Jevnick, and this conduct caused Jevnick damages.

3 |     2.    Jurisdiction of this Court Arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
4 | 1692(k), and 28 U.S.C. § 1367.

5 |     3.    This action arises out of Defendant's violations of the Fair Credit
6 | Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA") and the Fair Debt Collection
7 | Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

8 |     4.    The real property underlying the debt in dispute is located within the State
9 | of Arizona, personal jurisdiction and therefore this Court has jurisdiction.

10 |     5.    Venue is proper before this Court where the acts and transactions giving
11 | rise to Plaintiff's action occurred in this State and this County, where Plaintiff resides in
12 | this State and this County, and where Defendant transacts business in this State and this
13 | County.

## PARTIES

15 |     6.    Plaintiffs are natural persons who are domiciled in the County of
16 | Maricopa, State of Arizona.

17 |     7.    Defendant Bank of America, N.A is a national banking association with
18 | its principal place of business located in Charlotte, North Carolina.  At all times relevant
19 | to this Complaint, Bank of America, N.A. was a corporation registered to do and doing
20 | business in the State of Arizona.

21 |     8.    Plaintiffs are allegedly obligated to pay a debt, and are "consumers" as
22 | that term is defined by 15 U.S.C. § 1692(a)(3).

23 |     9.    Plaintiffs are also "consumers" as that term is defined by 15 U.S.C. §
24 | 1681(a)(c).

25 |     10.    Defendant is a persons who uses an instrumentality of interstate
26 | commerce or the mail in a business the principle purpose of which is the collection
27 | debts, or who regularly collects or attempts to collect, directly or indirectly, debts
28 |

2

1  owned or due or asserted to be owed or due another and is therefore a debt collector as

2  that phrase is defined by 15 U.S.C. § 1692(a)(6).

3       11.   Defendant is also a furnisher of information as contemplated by 15 U.S.C.

4  1681s-2(b) that regularly and in the ordinary course of business furnishes information to

5  a consumer credit reporting agency.

6  **FACTUAL ALLEGATIONS**

7       12.   At all times relevant to the debt in dispute, Plaintiffs were individuals

8  residing within the State of Arizona.

9       13.   At all times relevant to this matter, Defendant conducted business within

10  the State of Arizona.

11       14.   On or about April 2006, Plaintiffs are alleged to have incurred certain

12  financial obligations, in the form of a purchase money mortgage (the "Mortgage").

13       15.   The Mortgage was primarily for personal, family, or household purposes

14  and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

15       16.   Sometime after obtaining the Mortgage, but before August 2009,

16  Plaintiffs allegedly failed to pay the Mortgage.

17       17.   The property securing the Mortgage was foreclosed through a trustee sale

18  on or about May 2010.

19       18.   According to Arizona law, the Mortgage and debt alleged owed to

20  Defendant was extinguished in the foreclosure and trustee sale.  Plaintiffs currently

21  dispute this alleged debt and believe it is not owed.

22       19.   The Arizona anti-deficiency statute at A.R.S. § 33-814(g) bars Defendant

23  from collecting the alleged debt.

24       20.   The Arizona anti-deficiency statute protects homeowners in Arizona who

25  have lost their home through non-judicial foreclosure, as Plaintiffs have.

26       21.   Defendant failed to seek a determination of any deficiency pursuant to

27  A.R.S. § 33-814(a).

28

3

1    22.    As a result of Defendant's failure to seek a determination of any
2    deficiency, any proceeds of the trustee sale are deemed to be in full satisfaction of the
3    Mortgage and alleged debt owed Defendant.

4    23.    Plaintiffs subsequently learned that Defendant had incorrectly reported the
5    alleged debt on their credit reports, thereby causing erroneous and negative credit
6    information in Plaintiffs' credit files.

7    24.    Specifically, Defendant has reported the Mortgage to all three credit
8    reporting agencies ("CRAs"), with a balance owed.

9    25.    Plaintiffs attempted to correct the incorrect entries on their credit report by
10   submitting written disputes with the Defendant and the CRAs on or about September
11   2014 with no avail.

12   26.    Subsequently Plaintiffs received notification from CRA Experian that it
13   received notice of Plaintiffs' dispute, and verified the account as being reported
14   accurately on Plaintiffs' credit report. Defendant had reported the alleged debt to CRA
15   Experian with an amount past due on the mortgage of $66,407 as of September 2014.

16   27.    Again, Plaintiffs attempted to correct the incorrect entries on their credit
17   report by submitting a written dispute to Defendant and the CRAs pursuant to 15 U.S.C.
18   § 1681i(a) on or about January 13, 2015. The written dispute directly cited the relevant
19   statute and supporting Plaintiffs' position that the debt was not owed.

20   28.    Subsequently Plaintiffs received notification from CRA Experian that it
21   received notice of Plaintiffs' dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified
22   the account as being reported accurately on Plaintiffs' credit report. Defendant had
23   reported the alleged debt to CRA Experian with an amount past due on the mortgage of
24   $66,407 as of January 2015.

25   29.    Thereafter, between January 2015 and May 2015, Plaintiffs caused several
26   letters to be mailed to Defendant regarding the improper reporting of the alleged debt.
27   Despite demand, Defendant failed to correct the incorrect entries on their credit report.

28

4

30.   Plaintiffs believe that Defendant, upon receiving notice of their alleged dispute, failed to conduct an investigation with report to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

31.   Plaintiffs believe further that Defendant failed to review all relevant information provided by Plaintiffs in their dispute to CRAs and directly to Defendant as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(A).

32.   Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiffs' information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

33.   Plaintiffs' continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

34.   Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

35.   Defendant's inaccurate and negative reporting damaged Plaintiffs' creditworthiness.

36.   By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

37.   By reporting the alleged debt on Plaintiffs' credit report, Defendant was attempting to collect the alleged debt.

38.   Reporting the alleged debt on Plaintiffs' credit report by Defendant was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

39.   As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

5

1    40.    Through this conduct, Defendant made a false representation concerning
2  the character, amount, or legal status of a debt. Consequently, Defendant violated 15
3  U.S.C. § 1692e(2)(A).

4    41.    These statements also represented the threat to take action that Defendant
5  could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. §
6  1692e(5).

7    42.    This action by Defendant was an attempt to collect an amount not owed,
8  not authorized by the agreement, nor permitted by law and it therefore violated 15
9  U.S.C. § 1692f(1).

10    43.    Defendant's actions and statements were a communication to a person of
11  credit information which is known or should have been known to be false and it
12  therefore violated 15 U.S.C. § 1692e(8).

13
14              **COUNT I**
       **FAIR CREDIT REPORTING ACT (FCRA)**
15          **15 U.S.C. §§ 1681 ET SEQ.**

16    44.    Plaintiff repeats, re-alleges, and incorporates by reference, all other
17  paragraphs.

18    45.    The foregoing acts and omissions constitute willful, reckless or negligent
19  violations of the FCRA, including but not limited to each and every one of the above-
20  cited provisions of the FCRA, 15 U.S.C § 1681.

21    46.    As a result of each and every willful violation of the FCRA, Plaintiffs are
22  entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1);
23  statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court
24  may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs
25  pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

26    47.    As a result of each and every negligent noncompliance of the FCRA,
27  Plaintiffs are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

28
                              6

1308588/16683-2

1   1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

2   1681o(a)(2) from Defendant.

3
**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
4
**15 U.S.C. §§ 1692 ET SEQ.**
5
48.   Plaintiff incorporates by reference all of the above paragraphs of this

6   Complaint as though fully stated herein.

7
49.   The foregoing acts and omissions constitute violations of the FDCPA,
8
including but not limited to each and every one of the above-cited provisions of the
9
FDCPA, 15 U.S.C. § 1692 et seq.
10
50.   As a result of each and every violation of the FDCPA, Plaintiffs are
11
entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages
12
in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable
13
attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.
14

15   WHEREFORE, Plaintiffs Paxton and Dawn Jevnick pray that judgment be

16   entered against Defendant as follows and that this Court order:

17   A. Removal of the inaccurate and negative reporting from Plaintiffs' credit report;

18   B. An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) and 15 U.S.C.

19      § 1692k(a)(1);

20   C. An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) and an

21      award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

22      1692k(a)(2)(A);

23   D. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. §

24      1681n(a)(2); and

25   E. An award of costs of litigation and reasonable attorney's fees, pursuant to 15

26      U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1)

27      against Defendant

28   F. For post judgment interest at the maximum allowable rate;

7

1308588/16683-2

1    G. For such other and further relief as the Court deems just and proper.

2        DATED this 20th day of January 2016.

3                              NUSSBAUM GILLIS & DINNER, P.C.

4

5                              By /s/ Scott R. Weiner
                               Randy Nussbaum
6                              Scott R. Weiner
                               Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    8

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

MICHAEL K. JE... S. CLERK
BY _J. Baker_ DEP.

**CV2016-050176**          :Y

J. BAKER, FILED

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language: 16 JAN 21  AM 8: 54

Plaintiff's Attorney Scott R Weiner

Attorney Bar Number 29352

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Paxton B. Jevnick | 3120 West Carefree Highway, #1-446, Phoenix AZ 85086 | 480-227-4864 | |
| Dawn D. Jevnick | 3120 West Carefree Highway, #1-446, Phoenix AZ 85086 | 480-227-4864 | |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)   Bank of America, NA

(List additional defendants on page two and/or attach a separate sheet)

**EMERGENCY ORDER SOUGHT:**   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐101 Non-Death/Personal Injury
☐102 Property Damage
☐103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐111 Negligence
☐112 Product Liability – Asbestos
☐112 Product Liability – Tobacco
☐112 Product Liability – Toxic/Other
☐113 Intentional Tort

☐114 Property Damage
☐115 Legal Malpractice
☐115 Malpractice – Other professional
☐117 Premises Liability
☐118 Slander/Libel/Defamation
☐116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐121 Physician M.D.   ☐123 Hospital
☐122 Physician D.O   ☐124 Other

©Superior Court of Arizona in Maricopa County   Page 1 of 2   CV10f – 010116
ALL RIGHTS RESERVED



Case No._____

## 130 CONTRACTS:

☐131 Account (Open or Stated)
☐132 Promissory Note
☐133 Foreclosure
☐138 Buyer-Plaintiff
☐139 Fraud
☐134 Other Contract (i.e. Breach of Contract)
☐135 Excess Proceeds-Sale
☐Construction Defects (Residential/Commercial)
    ☐136 Six to Nineteen Structures
    ☐137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

☐156 Eminent Domain/Condemnation
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name
☐153 Transcript of Judgment
☐154 Foreign Judgment
☐158 Quiet Title
☐160 Forfeiture
☐175 Election Challenge
☐179 NCC-Employer Sanction Action
    (A.R.S. §23-212)
☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights (Not General Stream Adjudication)
☐187 Real Property
☐ Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

☐194 Immigration Enforcement Challenge
    (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax Court)
☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute- Other
☐190 Declaration of Factual Innocence
    (A.R.S. §12-771)
☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain– Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute- Discrimination
☐185 Employment Dispute-Other
☐195(a) Amendment of Marriage License
☐195(b) Amendment of Birth Certificate
☒163 Other _Fair Credit Reporting Act_
    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐Antitrust/Trade Regulation
☐Construction Defect with many parties or structures
☐Mass Tort
☐Securities Litigation with many parties
☐Environmental Toxic Tort with many parties
☐Class Action Claims
☐Insurance Coverage Claims arising from the above-listed case types
☐A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____
_____

**Additional Defendant(s)**

_____
_____

IRON HORSE LEGAL SERVICES
1830 S. ALMA SCHOOL RD., SUITE 104
MESA, ARIZONA 85210
(480) 355-4244

MICHAEL K. JEANES, CLERK
RECEIVED CCB
DOCUMENT DEPOSITORY

Client Matter # 16683-2
IHLS Matter # 16004-0002

2016 FEB -1 PM 3: 24

**SUPERIOR COURT**
**MARICOPA COUNTY, ARIZONA**

BY C. FLORES, DEP

FILED

| | |
|---|---|
| PAXTON B. JEVNICK and DAWN D. JEVNICK, husband and wife; <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., a national banking corporation; JOHN DOES and JANE DOES I-X; WHITE PARTNERSHIPS I-X; BLACK CORPORATIONS I-X; and RED LIMITED LIABILITY COMPANIES I-X, <br><br> Defendants. | Case No. **CV2016-050176** <br><br> **AFFIDAVIT OF SERVICE BY PRIVATE PROCESS SERVER** |

**Jim Gregg**, being sworn states that I am a private process server registered in Maricopa County as an officer of the Court. On **January 25, 2016**, I received the following documents:

**Summons, Complaint and Certificate of Compulsory Arbitration.**

From **Nussbaum Gillis & Dinner, P.C.** and in each instance I personally served a copy of each document, listed above upon: **Bank of America, N.A.** in the above captioned matter on **January 25, 2016@ 9:18 a.m.** at **3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012** in the following manner:

By leaving true copies of the above-documents with **Scott Whaley, clerk with CT Corporation as Statutory Agent for Bank of America, N.A.**

☒ In Person ☐ Substituted Service ☐ Posted

Approximate Description of person served:

| Gender | Height | Weight | Hair | Eyes | Ethnicity | Age | Other |
|--------|--------|--------|------|------|-----------|-----|-------|
| Male | 5'10" | 170 lbs. | Black | Hazel | Caucasian | 35 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed **January 25, 2016**.

**Jim Gregg, ACPS, 8259**
Officer of the Court, Maricopa County

State of Arizona          )
                          )
County of Maricopa   )

Subscribed and sworn (or affirmed) before me this 25th day of January, 20 16.

Notary Public

My Commission Expires: 2/12/17



OFFICIAL SEAL
CARMEN K. RUFF
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
FEBRUARY 12, 2017

 CT Corporation

**Service of Process Transmittal**
01/25/2016
CT Log Number 528524985

TO:     CA LegaLit
        Bank of America
        225 W Hillcrest Drive
        Thousand Oaks, CA 91360

RE:     **Process Served in Arizona**

FOR:    Bank of America, National Association  (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paxton B. Jevnick and Dawn D, Javnick, etc., Pltfs. vs. Bank of America, N.A., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate, Complaint |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2016050176 |
| **NATURE OF ACTION:** | Violation of the fair debt collection practices act and Fair credit reporting act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/25/2016 at 09:18 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Randy Nussbaum<br>Nussbaum Gillis & Dinner, P.C.<br>14850 N. Scottsdale<br>Suite 450<br>Scottsdale, AZ 85254<br>480 609 0011 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/26/2016, Expected Purge Date: 01/31/2016<br><br>Image SOP<br><br>Email Notification, CA LegaLit  calegalit@bankofamerica.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>3800 N Central Avenue<br>Suite 460<br>Phoenix, AZ 85012<br>602-248-1145 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT B

Robert W. Shely, (No. 014261)
Shayna Fernandez Watts, (No. 027342)
Daniel P. Crane, (No. 030623)
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
rwshely@bryancave.com
shayna.watts@bryancave.com
dan.crane@bryancave.com

Attorneys for Bank of America, N.A.

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| PAXTON B. JEVNICK and DAWN D. JEVNICK, husband and wife, | No. CV2016-050176 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | |
| BANK OF AMERICA, N.A., a national banking corporation; JOHN DOES and JANE DOES I-X; WHITE PARTNERSHIPS I-X; BLACK CORPORATIONS I-X; and RED LIMITED LIABILITY COMPANIES I-X, | **(Hon. John Hannah)** |
| Defendants. | |

//

//

//

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

TO PLAINTIFFS PAXTON B. JEVNICK and DAWN D. JEVNICK:

　　　　PLEASE TAKE NOTICE that Defendant Bank of America, N.A filed a Notice of Removal of this action in the United States District Court for the District of Arizona on February 22, 2016.  A copy of the Notice of Removal (without exhibits) is attached to this Notice as Exhibit A and is served contemporaneously herewith.

　　　　DATED this 22nd day of February, 2016.

　　　　　　　　　　　　　　　　BRYAN CAVE LLP


　　　　　　　　　　　　　　By:s/_Daniel P. Crane_
　　　　　　　　　　　　　　　　Robert W. Shely
　　　　　　　　　　　　　　　　Shayna Fernandez Watts
　　　　　　　　　　　　　　　　Daniel P. Crane
　　　　　　　　　　　　　　　　Two North Central Avenue, Suite 2200
　　　　　　　　　　　　　　　　Phoenix, Arizona  85004-4406

　　　　　　　　　　　　　　　　Attorneys for Bank of America, N.A.


ORIGINAL of the foregoing filed
electronically using the Turbo Court
system this 22nd day of February, 2016.

COPY of the foregoing mailed this 22nd
day of February, 2016 to:

Randy Nussbaum
Scott R. Weiner
NUSSBAUM GILLIS & DINNER, P.C.
14850 N. Scottsdale Road, Suite 450
Scottsdale, AZ  85254
Attorneys for Plaintiffs


s/_Cristina Daniels_

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

2

796714\0395005

# **<u>EXHIBIT A</u>**

Robert W. Shely, (No. 014261)
Shayna Fernandez Watts, (No. 027342)
Daniel P. Crane, (No. 030623)
BRYAN CAVE LLP, #00145700
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Fax: (602) 364-7070
rwshely@bryancave.com
shayna.watts@bryancave.com
dan.crane@bryancave.com

Attorneys for Bank of America, N.A.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAXTON B. JEVNICK and DAWN D. JEVNICK, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a national banking corporation; JOHN DOES and JANE DOES I-X; WHITE PARTNERSHIPS I-X; BLACK CORPORATIONS I-X; and RED LIMITED LIABILITY COMPANIES I-X,<br><br>Defendants. | No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Bank of America, N.A. ("Defendant") removes to this Court an action pending in the Arizona Superior Court (No. CV2016-050176) pursuant to 28 U.S.C. § 1331 for the reasons set out below.

1.  On July 14, 2015, Plaintiffs Paxton B. Jevnick and Dawn D. Jevnick ("Plaintiffs") filed an action in the Superior Court of the State of Arizona, Maricopa County, entitled *Jevnick v. Bank of America, N.A.*, Case No. CV2016-050176.

2.  Plaintiffs served Defendant on January 25, 2016.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

3.     Removal of this action is proper under 28 U.S.C. § 1331 because Plaintiffs have alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, federal laws.

4.     A true and correct copy of the documents filed in the Superior Court of the State of Arizona, Maricopa County, are attached hereto as Exhibit A.

5.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

6.     Defendant is the only non-fictitious defendant.

7.     Defendant has served a copy of this Notice of Removal on Plaintiffs in accordance with 28 U.S.C. § 1446(d).

8.     A copy of the Notice of Removal to Federal Court has been filed with the Superior Court Clerk of Maricopa County in accordance with 28 U.S.C. § 1446(d), and is attached hereto as Exhibit B.

This Notice is signed pursuant to Federal Rule of Civil Procedure 11 in accordance with 28 U.S.C. § 1446(a).

DATED this 22nd day of February, 2016.

BRYAN CAVE LLP


By: *s/ Daniel P. Crane*
　　Robert W. Shely
　　Shayna Fernandez Watts
　　Daniel P. Crane
　　Two North Central Avenue, Suite 2200
　　Phoenix, Arizona  85004-4406

　　Attorneys for Bank of America, N.A.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

796709\0395005

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and mailed a copy to:

Randy Nussbaum
Scott R. Weiner
NUSSBAUM GILLIS & DINNER, P.C.
14850 N. Scottsdale Road, Suite 450
Scottsdale, AZ  85254

s/*Cristina Daniels*

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

796709\0395005